**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DEMAJIO J. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:11-CV-232 |
| | ) | |
| LT. RUSSELL OLMSTEAD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Demajio J. Ellis, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) For the reasons set forth below, the Court: (1) **GRANTS** the plaintiff leave to proceed against Lieutenant Russell Olmstead in his individual capacity for compensatory damages for using excessive force against him in violation of the Fourteenth Amendment; (2) **DISMISSES** all other claims; (3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Lieutenant Russell Olmstead; and (4) **ORDERS** Lieutenant Russell Olmstead, pursuant to 42 U.S.C. § 1997e(g)(2), to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Ellis alleges that on the evening of May 9, 2011, while he was a pretrial detainee at the St. Joseph County Jail, he was being housed in a "padded cell" when he asked Deputy Godsey if he could use the washroom. (DE 1 at 6.) According to Ellis, Deputy Godsey told him to "eat my shit." (*Id.*) Ellis claims that he "got mad," and that to get even with Deputy Godsey he "took a crap on my cover then picked it up [and] put it on the window[.]" (*Id.*) Shortly thereafter, Sergeant Wisnewski, Lieutenant Olmstead, Deputy Heath, and Deputy Brothers came to take Ellis to the booking shower. (*Id.*) According to Ellis, Lieutenant Olmstead was carrying pepper spray at the time. (*Id.*)

Ellis claims the officers took him to the showers, and that after he was in the shower for about three minutes, Deputy Heath began saying "stop resisting," even though he was not doing anything wrong. (*Id.* at 7.) In his view, Deputy Heath made that statement "so that it covers them." (*Id.*) Ellis claims that a few minutes later Lieutenant Olmstead opened up the shower curtain and said, "have you ever got sprayed," at which point he sprayed Ellis with the entire can of pepper spray. (*Id.*) He claims that while he was being sprayed Deputy Heath was "laughing and laughing." (*Id.*) He claims Lieutenant Olmstead then told him "this will happen every time I have to come get you for any reason." (*Id.*) He claims he was put in a restraint chair with the pepper spray still on him, and

that he experienced pain and discomfort from the pepper spray for a few days. (*Id.*)

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3

Here, Ellis is suing Lieutenant Olmstead for using excessive force against him. (DE 1.) Because Ellis was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009). The standards that apply are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id*. In either case, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Here, giving Ellis the inferences to which he is entitled at this stage, he has alleged an excessive force claim against Lieutenant Olmstead. The court is cognizant that Ellis disrupted the facility by smearing feces on his window; however, the facts as he alleges them are that Lieutenant Olmstead sprayed him with pepper spray not when he was being disruptive but some time later when he was simply taking a shower. Ellis specifically alleges that he was not doing anything wrong at the time Lieutenant Olmstead sprayed him with an entire can of pepper spray. Furthermore, the

comments he alleges that the officers made to him, and the fact that Deputy Heath was allegedly laughing during this incident, support an inference that Lieutenant Olmstead used force not to restore order but sadistically and maliciously to cause harm. Although further factual development may show that Ellis was resisting or otherwise disobeying an order at the time he was sprayed with pepper spray, at this stage the court must accept Ellis's allegations as true. Taking Ellis's allegations as true, he has alleged an excessive force claim against Lieutenant Olmstead.


CONCLUSION

     For the reasons set forth above, the Court:  (1) **GRANTS** the plaintiff leave to proceed against Lieutenant Russell Olmstead in his individual capacity for compensatory damages for using excessive force against him in violation of the Fourteenth Amendment; (2) **DISMISSES** all other claims; (3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Lieutenant Russell Olmstead; and (4) **ORDERS** Lieutenant Russell Olmstead, pursuant to 42 U.S.C. § 1997e(g)(2), to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**DATED:  September 15, 2011**          /s/RUDY LOZANO, Judge
                                        **United States District Court**